United States District Court
Southern District of Texas
**ENTERED**
December 13, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SCWYANA ESSIE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-22-3686 |
| | § | |
| HONORABLE JUDGE RABEEA COLLIER, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Scwyana Essie Smith, representing herself and proceeding without paying the filing fee, filed a complaint against the Honorable Rabeea Collier, who presided over litigation concerning Smith's real property in the 113th District Court of Harris County, Texas.  (Docket Entry No. 1). Judge Collier responded to Smith's complaint with a motion seeking dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket Entry No. 4).  Smith then filed an amended complaint, which alleges additional facts but no new claims.  (Docket Entry No. 5).  After careful review of the complaint and amended complaint, the motion, and the law, the court grants Judge Collier's motion and dismisses Smith's complaint with prejudice.  The reasons are explained below.

**I.      Background**

Smith's complaint is not a model of clarity.  It appears that Smith was a party in two cases in Harris County District Court involving her real property, one involving a tax deed sale and the other involving a homeowners' association.  (Docket Entry No. 1, pp. 1-2).  Publicly available records show that Judge Collier issued orders that, among other things, consolidated the two cases and entered summary judgment against Smith.  Smith's appeal of those rulings is pending in the

Fourteenth Court of Appeals.   *See*   https://search.txcourts.gov/Case.aspx?cn=14-21-00468-CV&coa=coa14 (last visited Nov. 28, 2022).

On October 21, 2022, Smith filed her complaint in this court, naming Judge Collier as the only defendant.  Smith asserts claims under 42 U.S.C. § 1983 for violations of her constitutional rights and also seeks relief under two criminal statutes—18 U.S.C. §§ 241 and 242.  (Docket Entry No. 1, p. 1).  Her claims arise out of various orders entered by Judge Collier in the state-court case. (*Id.* at 2-7).  Smith alleges that Judge Collier "manipulated the record" to give the opposing parties a favorable outcome.  (*Id.* at 5).  She also alleges that Judge Collier conspired with the opposing parties to deprive her of her property and her due process rights.  (*Id.* at 5-8).  Smith asks this court to remove Judge Collier from the bench; to order Judge Collier to recuse from Smith's cases[1]; and to vacate or reverse all of Judge Collier's orders.  (*Id.* at 8).  Smith also seeks "reentry back into her home." (*Id.*).  She further requests $5.5 million as compensation for her injuries.  (*Id.*).

## II.   The Legal Standards.

### A.   The Motion to Dismiss.

A motion to dismiss under Rule 12(b)(1) is properly granted when the plaintiff lacks standing or when the claims alleged are barred by a state's sovereign immunity.  *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009), and *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005)).  Because a Rule 12(b)(1) motion challenges the court's jurisdiction, "[w]hen a Rule 12(b)(1) challenge is filed with other Rule 12 motions, the court should address the Rule 12(b)(1)

---

[1]Documents in Smith's state-court proceedings show that she has filed no fewer than 9 motions to recuse Judge Collier in the state-court proceedings, all of which have been denied and at least one of which specifically found that the motions were filed in bad faith and for the purpose of delay.  *See* https://search.txcourts.gov/Case.aspx?cn=14-21-00468-CV&coa=coa14, entry of 10/31/22 (last visited Nov. 28, 2022)

motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra,* 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(6) is properly granted when the plaintiff's complaint fails to state a claim upon which relief can be granted.  A court reviewing a motion under Rule 12(b)(6) must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (cleaned up).  "However, the plaintiff must plead specific facts, not mere conclusory allegations to state a claim for relief that is facially plausible." *Id.* (cleaned up).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  To meet this standard, the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  *Id.* at 570.

B.    ***Pro Se* Pleadings.**

Because Smith is representing herself, the court construes her filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419,

3

421 (5th Cir. 2013)).  "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

## III.    Analysis

Smith does not clearly allege whether she sues Judge Collier in her official capacity, her individual capacity, or both.  Judge Collier asserts that all of Smith's claims should be dismissed.

### A.    The Claims Under 42 U.S.C. § 1983

#### 1.    Official Capacity Claims

##### a.    The Damages Claim

Judge Collier asserts that Smith's claim for money damages against her in her official capacity should be dismissed under the doctrine of sovereign immunity.  Sovereign immunity bars actions against a state or state official unless Congress has abrogated the immunity or the state has specifically waived its immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Id.*  And the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions.  *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Putnam v. Iverson*, No. 14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App. − Houston [14th Dist.] Aug. 14, 2014, pet. denied) (the Texas Legislature has not waived sovereign immunity for any claim brought under § 1983).

The fact that Smith has sued Judge Collier—a state employee—rather than the state itself, does not change this analysis.  When a government employee is sued in his or her official capacity,

the employing entity is the real party in interest for the suit.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity") (citations omitted).  Smith's claim for money damages against Judge Collier in her official capacity is construed as a claim against the State of Texas and is barred by sovereign immunity.  The claim is dismissed, with prejudice.

### b.        The Injunctive Relief Claims

Sovereign immunity plays a narrower role in § 1983 claims seeking injunctive relief. When a plaintiff seeks injunctive relief in a § 1983 claim, sovereign immunity will protect the state or state official only when the claims are based on past actions and past violations of federal law rather than ongoing actions and continuing violations.  *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  To determine whether the plaintiff's claims are barred by sovereign immunity, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).  If the plaintiff seeks only retroactive relief, sovereign immunity bars the claim, *see Green*, 474 U.S. at 71, and if "there is no continuing violation of federal law to enjoin in this case, an injunction is not available." *Id*.

Smith's complaint requests only retroactive relief.  She asks this court to vacate or reverse the orders in her state-court cases, including the orders on her motions seeking recusal.  This request for relief from earlier court rulings seeks redress for past harms, rather than protection from ongoing violations of federal law.  *See, e.g., Catanach v. Thomson*, 718 F. App'x 595, 598-99 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1991 (2018) ("Catanach sought relief from past harms,

5

i.e., relief from Thomson's past rulings on his motions for recusal and for summary judgment and his failure to grant an expedited hearing or to require the City to issue a surety bond with its application for an injunction.  The district judge was correct—these claims do not allege an ongoing violation of federal law."); *Bowling v. Evans*, No. 4:18-cv-610-ALM-CAN, 2019 WL 5395564, at *5 (E.D. Tex. Mar. 8, 2019) (the plaintiff's request that the federal court reverse a state appellate justice's prior orders and rulings was a request for retroactive relief).   Smith's request that this court remove Judge Collier from the bench also seeks redress for a past harm because this case is no longer before Judge Collier.  Instead, it is on appeal to the Fourteenth Court of Appeals.

Because Smith seeks only retroactive relief, her claims for an injunction against Judge Collier in her official capacity are barred by sovereign immunity, and they are dismissed with prejudice.

### 2.    The Individual Capacity Claims

#### a.    Damages

To the extent that Smith has sued Judge Collier for damages in her individual capacity, Judge Collier moves to dismiss the claim based on judicial immunity.  While § 1983 provides a remedy for violations of federal law by state officials, *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004), state-court judges are entitled to immunity from damages claims arising out of acts performed in the exercise of their judicial functions.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996).  A plaintiff may overcome judicial immunity only when either (1) the claims allege liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity, or (2) the claims allege liability for actions that, although judicial in nature, are taken in the complete absence of all jurisdiction.  *Id.* at 11-12.

In determining whether a judge's actions were "judicial in nature," courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.* Allegations that a judge made improper or erroneous rulings are not sufficient to deprive a judge of judicial immunity. *See Mays*, 97 F.3d at 111. Even allegations that rulings were made as a result of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles,* 502 U.S. at 11; *Mays,* 97 F.3d at 111.

Review of Smith's complaint shows that she does not allege any actions taken by Judge Collier that were not judicial in nature. Decisions about whether to consolidate cases, dismiss parties or claims, schedule hearings, hear arguments, and enter declaratory and summary judgments are normal judicial functions. Orders of this nature are normally entered either in the courtroom or the judge's chambers, and Smith affirmatively alleges that many of the actions occurred in Judge Collier's courtroom. Smith's claims against Judge Collier arise directly out of Smith's pending state-court civil case. The challenged actions arise from visits and hearings before Judge Collier in her official capacity. These facts demonstrate that the challenged actions were judicial actions for which Judge Collier is protected by judicial immunity.

In addition, Smith does not allege facts showing that Judge Collier acted in the complete absence of jurisdiction over her civil case. A judge is immune from suit if there is at least some subject-matter jurisdiction for the judge's action—even if he or she acted in excess of that

jurisdiction.  *See Malina*, 994 F.2d at 1125.  Judge Collier is the district judge for the 113th District Court for Harris County, Texas.  She had jurisdiction over the cases in that court.  *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere.")  Smith's conclusory and unsupported allegations that Judge Collier "took" jurisdiction over Smith's cases without authority are insufficient to overcome judicial immunity.

Smith's claim for damages against Judge Collier in her individual capacity is barred by judicial immunity and is dismissed, with prejudice.

### b.    The Injunctive Relief Claims.

Smith also appears to seek injunctive relief against Judge Collier in her individual capacity. Judicial immunity does not bar prospective injunctive relief against a judicial officer acting in a judicial capacity.  *See Pulliam v. Allen*, 466 U.S. 522, 536 (1984).  But to state a claim for such relief, Smith must allege that she has no adequate remedy at law and that she is exposed to a serious risk of irreparable harm.  *Id.* at 537.

Smith's complaint does not satisfy either requirement.  Judge Collier's rulings are on appeal before the Fourteenth Court of Appeals, and Smith has an adequate remedy at law through the appeals process.  *See Pleasant v. Sinz*, No. 9:15-cv-00166-MHS, 2016 WL 4613359, at *4 (E.D. Tex. Aug. 5, 2016) (the appeals process provides an adequate remedy at law).  Smith does not show a serious risk of irreparable harm because any claim that she will appear as a litigant

before Judge Collier in the future is speculative.  *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (no irreparable harm exists when the likelihood of future encounters with the same judge are "speculative").  Smith's claims for injunctive relief against Judge Collier in her individual capacity are dismissed, with prejudice because amendment would be futile.

### 3.     *Younger* Abstention

Finally, even if Smith's complaint alleged a legally sufficient claim under § 1983, this court would decline to exercise its jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971).  The *Younger* doctrine requires federal courts to decline to exercise jurisdiction over lawsuits when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges."  *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).[2]  In determining whether the current federal proceeding would interfere with an ongoing state proceeding, the court considers whether "the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."  *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (quoting *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002)).

Smith's claims meet all three requirements for abstention under the *Younger* doctrine.  Any decision by this court on the propriety of Judge Collier's rulings would directly interfere with the

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived."  *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49).  Smith does not allege facts showing that any of these exceptions apply in this case.

appeal pending before the Fourteenth Court of Appeals.  The State of Texas has an important interest in regulating both real property interests—the subject of Smith's state-court proceedings—and the integrity of proceedings within its state courts—the subject of her appeal and her federal complaint.  *See Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72-73 (2013) (*Younger* abstention is particularly appropriate in cases that "implicate a State's interest in enforcing the orders and judgments of its courts" (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987))).  And Smith has an adequate opportunity to challenge Judge Collier's rulings and conduct in her pending appeal. Even if Smith's claims were not otherwise barred, this court would decline to consider them under *Younger* and would dismiss this action, with prejudice.

### B.    Claims under 18 U.S.C. §§ 241 and 242.

In addition to her claims under § 1983, Smith seeks relief under 18 U.S.C. §§ 241 and 242, both of which are federal criminal statutes.  Section 241 criminalizes a conspiracy that seeks to "injure, oppress, threaten, or intimidate" persons in the free exercise of their constitutional rights. 18 U.S.C. § 241.  Section 242 criminalizes acts that deprive persons of their constitutional rights, under color of law.  18 U.S.C. § 242.  Smith seeks relief under both statutes, broadly alleging that Judge Collier conspired with others to deprive her of her constitutional rights to property and to due process.

A private citizen, such as Smith, cannot bring a federal criminal prosecution or enforce criminal statutes.  *See Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("[A] criminal prosecution pits the government against the governed, not one private citizen against another." (quoting *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (Roberts, C.J., dissenting from dismissal of writ of certiorari))).  In addition, neither § 241 nor § 242 provide a basis for civil liability.  *See Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (citing *Hanna v. Home*

*Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)); *see also Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. Oct. 28, 1993) (recognizing that neither § 241 nor § 242 provide for a private right of action and that there is no statutory basis for inferring that they could support a civil cause of action).  Smith cannot state a claim for relief under these statutes as a matter of law, and her complaint seeking such relief is dismissed, with prejudice.

**IV.    Conclusion**

Judge Collier's motion to dismiss Smith's complaint, (Docket Entry No. 4), is granted, and Smith's complaint against Judge Collier is dismissed with prejudice.  All pending motions are denied as moot.  Final judgment is separately entered.

SIGNED on December 13, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge